IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE RAVENS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-754C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S ANSWER</u>

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the plaintiff's introductory paragraph constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent that one of the

missions of the Executive Management Office (EMO) is to provide program management for the maintenance and repair of General and Flag Officers' Quarters (GFOQ); otherwise denies the allegations contained in paragraph 6.

7. Denies; avers the Executive Management Office is an asset of what was formerly known as the Installation Management Agency.

8. Admits.

9. Denies the allegations contained in the first sentence of paragraph 9. Admits the allegation contained in the second sentence of paragraph 9 that the Capital District Contracting Center contracted with the Ravens Group, Inc. ("Ravens Group" or "plaintiff") to prepare the statement of work; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. Denies the allegations contained in the first and second sentences of paragraph 10. Denies the allegations contained in the third and fourth sentence of paragraph 10, and avers that the Ravens Group began performing work pursuant to separate work orders not connected to the contract. The allegations contained in the fifth sentence of paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

11. Admits the allegation contained in the first sentence of paragraph 11 that the Government paid the Ravens Group for services rendered; otherwise denies the allegations in the first sentence of paragraph 11. The allegations contained in the second and third sentences of paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

12. Denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in the first sentence of paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 21. Denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23. Denies the second sentence of paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24.

25. Denies.

26. Admits the allegations contained in the first sentence of paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 26. Denies the allegations contained in the second sentence of paragraph 26.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

30. Denies the allegations contained in the first sentences of paragraph 30. The allegations contained in the second sentence of paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth, and avers the contract does not specify the number of service calls that the Ravens Group would have to respond to per month.

31. Denies the allegations contained in the first sentence of paragraph 31. The allegations contained in the second sentence of paragraph 31 constitute conclusions of law and

plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth, and avers that the contract does not specify the number of emergency service calls that the Ravens Group would have to respond to per month.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth, and avers that the contract does not specify the number of urgent service calls that the Ravens Group would have to respond to per month.

33. Denies the allegations contained in paragraph 33 that "The Ravens Group was required to respond to twenty three (23) urgent and emergency service calls per month," for lack of knowledge or information sufficient to form a belief as to their truth; denies the remaining allegations in paragraph 33, and avers that the contract does not specify the number of urgent service calls and emergency service calls that the Ravens Group would have to respond to per month.

34. Denies the allegations contained in the first sentence of paragraph 34. Admits the allegations contained in the second sentence of paragraph 34 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 34. Denies the allegations contained in the third and fourth sentences of paragraph 34.

35. The allegations contained in paragraph 35 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are

deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

38. Admits the allegations in paragraph 38 to the extent supported by the document cited, which is the best evidence of its contents; avers that the Government paid $53,972.86 to the Ravens Group; otherwise denies the allegations contained in paragraph 38.

39. With respect to the first cause of paragraph 39, defendant's responses to paragraphs 1 through 38 are incorporated by reference. The remainder of the allegations in paragraph 39 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are

deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

46. With respect to the first cause of paragraph 46, defendant's responses to paragraphs 1 through 45 are incorporated by reference. The remainder of the allegations in paragraph 46 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

47. Denies.

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law and

plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

54. With respect to the first cause of paragraph 54, defendant's responses to paragraphs 1 through 53 are incorporated by reference. The remainder of the allegations in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

56. Denies.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

60. With respect to the first cause of paragraph 60, defendant's responses to paragraphs 1 through 59 are incorporated by reference. The remainder of the allegations in paragraph 60 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

61. Admits the allegations contained in paragraph 61 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 61.

62. The allegations contained in paragraph 62 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

63. With respect to the first cause of paragraph 63, defendant's responses to paragraphs 1 through 62 are incorporated by reference. The remainder of the allegations in paragraph 63 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are

deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

68. With respect to the first cause of paragraph 68, defendant's responses to paragraphs 1 through 67 are incorporated by reference. The remainder of the allegations in paragraph 68 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

70. Admits the allegations in paragraph 70 to the extent that the Ravens Group submitted to the Government a proposal to change the scope of work, and a new price proposal; otherwise denies the allegations in paragraph 70.

71. The allegations contained in paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are

deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

73. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 72, or to any relief whatsoever.

74. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Joseph A. Pixley
JOSEPH PIXLEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

OF COUNSEL:

LANNY J. ACOSTA, JR.
Major, U.S. Army
Litigation Division
U.S. Army Legal Services Agency
Arlington, VA 22203
Telephone: (703) 696-1636
Fax. (703) 696-8178

February 14, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 14th day of February, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley