IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE RAVENS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-754C |
| | ) | (Judge Firestone) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties file the following joint preliminary status report:

(a) Does the court have jurisdiction over the action?

Plaintiff The Ravens Group, Inc., ("Ravens Group") believes that the Court has jurisdiction to entertain this action; the Government knows of no reason to question the jurisdiction of the Court over the action at this time.

(b) Should this case be consolidated with any other case?

The parties do not believe that this case should be consolidated with any other case.

(c) Should trial of liability and damages be bifurcated?

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case before this Court or any other tribunal.

(e) Will a remand or suspension be sought?

The parties do not intend to request remand or suspension.

(f) Will additional parties be joined?

The parties do not believe that additional parties should be joined.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56?

The parties may each file a motion for summary judgment, pursuant to RCFC 56, regarding contract interpretation upon the issue of whether the contract specified the number of service and emergency calls that plaintiff would have to respond to each month. In their briefing, the parties may also address plaintiff's allegations that the Government terminated its contract, and plaintiff's other claims for breach of contract and constructive change. While the parties agree that it is unlikely that other dispositive motions will be filed, the parties request that, on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing any further dispositive motions.

(h) What are the relevant factual and legal issues?

The following are issues that at this time identify the dispute between the parties. Although the issues identified by each of the parties are similar, the differing views of the parties regarding some of the issues and facts have led the parties to suggest separate statements of relevant issues. As discovery progresses, new information may become evident, or new issues may become apparent, that will lead the parties to a unified set of issues, or that may cause the parties to need to supplement or amend this listing. The parties respectfully request that the Court allow the parties to so supplement or amend this list of issues as future circumstances dictate.

A. Plaintiff views the relevant issues as being:

1. Whether the Army failed to produce required and essential historical data?

2. Whether the Army's failure to produce required and essential historical data was a material breach of the contract?

3. Whether the Army provided misleading estimates regarding scope of work?

4. Whether the Army's submission of misleading estimates regarding scope of work was a material breach of the contract?

5. Whether the Army hindered Plaintiff's contract performance?

6. Whether the Army unlawfully assigned work under Plaintiff's contract to third party contractors?

7. Whether the Army's termination of Plaintiff's contract was in bad faith and a violation of law?

8. Whether the Army's contract administration of Plaintiff's contract was negligent?

9. Whether the Army violated federal statutes in its administration of Plaintiff's contract?

10. Whether the Army's actions constituted constructive changes entitling Plaintiff to recovery of damages?

B. Defendant views the relevant issues as being:

1. Whether plaintiff's failure to perform in accordance with the contract requirements rendered it in breach of the contract, making the Government's action in assigning work to third party contractors reasonable.

2. Whether the Government terminated the contract.

3. Whether plaintiff is estopped from asserting that it was unaware of the full extent of its duties and responsibilities under the contract, e.g., either because the Government allegedly failed to provide workload data, historical information, and other required information, provided allegedly faulty estimates, and had allegedly denied plaintiff access to General Flag Officer Quarter ("GFOQ") housing units at Fort Myer, Virginia, where plaintiff actually wrote the statement of work and had performed identical maintenance tasks in the same GFOQ housing units at Fort Myer, prior to the execution of the contract.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties are open to the possibility of settlement, and the use of ADR, throughout the proceedings, but, at this time, the parties are not in a position to characterize the likelihood of settlement.

(j) Do the parties anticipate proceeding to trial?

If this case does not settle, or is not otherwise resolved upon dispositive motion, the parties will proceed to trial. The parties agree that an expedited trial pursuant to paragraph 4(j) of Appendix A is not warranted. The parties believe that the earliest date they could reasonably expect to be ready for trial is November 7, 2009, or as soon thereafter as is convenient to the Court.

Joint Proposed Schedule

For their proposed discovery plan, the parties respectfully suggest the following schedule to the Court:

6/7/08; Initial disclosures.

4/7/09; End of non-expert discovery. All non-expert discovery requests shall be served

so that, pursuant to the Rules of Court, the required responses shall be due no later than 4/7/09.

1/27/09; Expert Disclosures (if necessary), pursuant to RCFC 26 (a)(2)(C).

6/7/09; Final date for filing dispositive motions.

(k) Are there special issues regarding electronic case management needs?

The parties are not aware of any special issues regarding electronic case management needs.

(l) Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Daryle A. Jordan
DARYLE A. JORDAN
Patrick Henry LLP
7619 Little River Turnpike, Suite 340
Annandale, Virginia 22003
tel: (703) 256-7754
fax: (703) 256-7883

Attorney for Plaintiff

April 7, 2008

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 7th day of April, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley